H. R. Bishop, of Fort Worth, and Baker & Baker, of Coleman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is attempted burglary; the punishment, confinement in the penitentiary for two years.

The circumstances were sufficient to show that shortly after midnight on the 3d of March, 1934, appellant, in an effort to commit burglary, cut a screen and raised a window of a drug store occupied and controlled by Roy Chinn. Appellant did not testify, and introduced no witnesses.

Two bills of exception are brought forward. It is shown in bill No. 1 that an officer testified, over appellant's objection, that he returned to the scene of the burglary in the early morning and found a pinch bar. It appears that the bar was found along the course appellant traveled when he was attempting to escape. Bill No. 2 recites, in effect, that the state proved, over appellant's objection, that one of the witnesses went back to the drug store several hours after the burglary and found some 10-inch pliers. We think the testimony shown in said bills was relevant and material.

The judgment is affirmed.

MORROW, P. J., absent.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, Judge.

Appellant makes a motion for rehearing, setting up that we erred in our disposition of his two bills of exception. They have again been considered and were correctly disposed of in the original opinion. The facts amply show the alleged burglarized house to have been under the care, control, and management of the alleged owner.

The motion for rehearing is overruled.

## OWENS v. STATE.
### No. 17643.

Court of Criminal Appeals of Texas.
June 12, 1935.

Earl B. Stimson, of Rockwell, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for murder, punishment assessed being fifteen years in the penitentiary. The indictment properly charges the offense. The record contains no statement or bills of exception. In such condition, nothing is presented for review.

The judgment is affirmed.